Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:09 PM CDT

Inland Insurance Company, appellant and
cross-appellee, v. Lancaster County
Board of Equalization, appellee
and cross-appellant.

___ N.W.3d ___

Filed April 25, 2024.    No. S-23-289.

SUPPLEMENTAL OPINION

Appeal from the Tax Equalization and Review Commission.
Former opinion modified. Motion for rehearing overruled.

Shannon L. Doering and Luke F. Vavricek for appellant.

Daniel J. Zieg, Chief Deputy Lancaster County Attorney, for
appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE,
PAPIK, and FREUDENBERG, JJ.

PER CURIAM.
This case is before us on a motion for rehearing filed by
the appellee and cross-appellant, Lancaster County Board of
Equalization (Board of Equalization), concerning our opinion
in *Inland Ins. Co. v. Lancaster Cty. Bd. of Equal., ante* p. 143,
3 N.W.3d 354 (2024).

We overrule the motion, but modify the opinion as follows.

In the analysis section, we withdraw the entirety of the text
under the subheading "*Cross-Appeal*" and insert the following
paragraphs:

- 418 -

Nebraska Supreme Court Advance Sheets
316 Nebraska Reports
INLAND INS. CO. v. LANCASTER CTY. BD. OF EQUAL.
Cite as 316 Neb. 417

Neb. Ct. R. App. P. § 2-109(D) (rev. 2023) sets forth in subsection (4) this court's rules for filing a cross-appeal: "Where the brief of appellee also presents a cross-appeal, it shall be clearly noted on the cover of the brief. Within the appellee's brief, the cross-appeal shall be set forth in a separate section of the brief. This separate section shall be headed "Brief on Cross-Appeal" and shall be prepared in the same manner and under the same rules as the brief of appellant. See § 2-109(D)(1). Where an appellee submits a brief purporting to be a brief of appellant, which complies with the rules regarding an appellant's brief, and the appellee's brief does not take issue with any errors asserted by the appellant, the appellate court may, in its discretion, treat the brief of such appellee as a brief on cross-appeal." Section 2-109(D)(1)(e) provides, in relevant part, that a brief shall contain, inter alia, "[a] separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error. Each assignment of error shall be separately numbered and paragraphed. Consideration of the case will be limited to errors assigned and discussed in the brief."

A review of the Board of Equalization's brief on cross-appeal reveals that the Board of Equalization failed to assign any error in the manner required under § 2-109(D)(1)(e). When a brief of an appellee fails to present a proper cross-appeal pursuant to § 2-109, as in this case, we decline to consider its merits. See *Krejci v. Krejci*, 304 Neb. 302, 932 N.W.2d 179 (2019).

Given this failure, we need not reach the Board of Equalization's cross-appeal.

The remainder of the opinion shall remain unmodified.

Former opinion modified.

Motion for rehearing overruled.